IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 07-cv-02415-WYD

IN RE THE MATTER OF:

ANDRÉS LIEBERMAN,

    Petitioner,

v.

JESSICA TABACHNIK,

    Respondent.

AND CONCERNING THE MINOR CHILDREN: L.L.T. (DOB 1994), D.L.T. (DOB 1996), AND E.L.T. (DOB 1998)

---

# ORDER

---

    THIS MATTER is before the Court on Respondent Jessica Tabachnik's Pro Se Request for Assistance, filed December 4, 2007 (docket #9), which the Court treats as a Motion to Appoint Counsel, Motion to Appoint Guardian *Ad Litem*, and Motion for Restraining Order. A hearing on these motions was held on December 14, 2007. For the reasons set forth at the hearing and further explained through this Order, Respondent's Motion to Appoint Guardian *Ad Litem* is GRANTED, and Respondent's Motion for a Restraining Order is DENIED. For the reasons stated in this Order, Respondent's Motion to Appoint Counsel is GRANTED.

**I.    Background**

    On November 19, 2007, Petitioner Andrés Lieberman filed a Petition for Return of

Children to Petitioner Under the Hague Convention on the Civil Aspects of International Child Abduction and the International Child Abduction Remedies Act, hereinafter referred to as "ICARA." By Order dated November 26, 2007, Respondent was ordered to appear at a hearing scheduled for January 3, 2008, with the minor children and with any and all passports and travel documents for the children to argue the merits of the Petition. The Order prohibited Respondent from removing the children from the jurisdiction of this Court pending final disposition of the Petition. It was further ordered that Respondent could appear with or without counsel, and that the failure to appear as ordered could result in an adverse ruling on the Application. Finally, Petitioner was ordered to serve a copy of the Order and the Application on Respondent, and Respondent was ordered to file a response.

On December 4, 2007, Respondent filed a pro se Motion to Appoint Counsel, Motion to Appoint Guardian *ad Litem*, and Motion for Restraining Order. By Minute Order, dated December 5, 2007, a motions hearing was set on the aforementioned motions for December 14, 2007. Petitioner filed a Motion for Leave for Testimony to be Taken by Contemporaneous Transmission from a Different Location on December 7, 2007. By Minute Order, dated December 12, 2007, Petitioner was granted leave to appear by contemporaneous transmission from a different location. On December 13, 2007, Petitioner filed a Response to Respondent's Motions. This Order does not address the merits of the Petition for the Return of Children because those issues will be argued at the January 3, 2008 hearing.

At the December 14, 2007 hearing, Petitioner appeared by telephone and his

counsel appeared in person.  Respondent appeared pro se along with the three minor children.  The children are a female who is 13 years of age, a female who is 11 years of age and a boy who is 9 years of age.

## II.     Motion to Appoint Guardian *Ad Litem*

Respondent requests that the Court appoint a Guardian *Ad Litem* to protect the interests of her children.  Respondent allegations are based on the statements contained in her pro se filing plus the statements she made in court during the December 14, 2007 hearing.  Petitioner's position is reflected in his Verified Response to Respondent's Motion to Appoint Counsel, Motion to Appoint Guardian *Ad Litem*, and Motion for Temporary Restraining Order and the statements made by Petitioner at the same hearing.  Respondent asserts that her children have been subjected to mistreatment and abuse for years.  She also alleges that the Petitioner has kidnaped the children in the past, has not feed them, and has exposed them to verbal and other forms of abuse.  Petitioner countered by explaining the circumstances of the their divorce, professed love for his children, denied that he had abused the children and explained the kidnaping incident from his perspective.

Because there are fundamental and significant differences in the positions of the parties concerning how the children have been treated and how they may be impacted if I order their return to Mexico and because it will be difficult for me to determine the ultimate facts absent the assistance of a qualified Guardian *Ad Litem*, I appoint a Guardian *Ad Litem* to aid in my understanding all of the pertinent factors concerning the minor children.  The duties of the Guardian *Ad Litem* shall include, but are not limited to,

the following: (1) to investigate all aspects of the social background of each of the minor children by talking to the Petitioner, Respondent, the minor children, reviewing court records from legal proceedings in Mexico and engaging in any further fact inquiry or investigation that the Guardian *Ad Litem* deems appropriate; (2) to investigate Respondent's allegations of abuse, mistreatment of each of the minor children for the purpose of determining if Respondent's allegations are accurate, truthful and verifiable; (3) to provide facts, evidence and recommendations, as to each child, concerning whether returning said child to Mexico would expose him or her to a grave risk of physical or emotional harm or otherwise subject the child to an intolerable situation; and (4) to investigate the wishes of the children and their respective maturity levels (to the extent that these issues relate to exceptions within ICARA) and make appropriate recommendations on this point. I note that: "The Convention and [ICARA] empower the courts in the United States to determine only rights under the Convention and not the merits of any underlying child custody claims." *Matovski v. Matovski* 2007 U.S. Dist. LEXIS 65519 (S.D.N.Y. 2007)(quoting) 42 U.S.C. 11601(b)(4). See also *Waldemar Wasniewski v. Grzelak-Johnnsen* 2007 U.S. Dist. LEXIS 35843 (N.D. Ohio). Therefore, the Guardian *Ad Litem*'s role is limited to assisting me in my Hague Convention inquiry, and he should not conduct a traditional allocation of parental responsibility analysis under other laws.

At the December 14, 2007 hearing, I informed the parties that I was inclined to order that the parties split the costs of the Guardian *Ad Litem* on a 50% / 50% basis. After both parties agreed to this arrangement, I ordered that the costs of the Guardian

*Ad Litem* will be evenly divided between the parties.  Finally, after considering the names submitted by the parties and my independent consideration of the qualifications of each candidate, I hereby appoint Attorney Vincent Rahaman as Guardian *Ad Litem* effective upon the entry of this Order.

**III.     Motion for Restraining Order**

Respondent requests that the Court issue a Restraining Order against the Petitioner.  For the reasons stated on the record at the December 14, 2007 hearing, this Motion is DENIED.  Nonetheless, I order that Petitioner refrain from all direct or indirect contact with Respondent or any of the minor children unless authorized by me or the Guardian *Ad Litem* as part the discharge of his official duties.

**IV.     Motion to Appoint Counsel**

Respondent requests that the Court appoint counsel for her, because she is unable to afford an attorney.  Although I stated at the December 14, 2007 hearing that I was unsure if there was legal authority for the appointment of counsel, I now conclude that such authority exists.  28 U.S.C. § 1915(e) provides that "[t]he court may request an attorney to represent any person unable to afford counsel."  The appointment of counsel is within the sound discretion of the district court.  *Miller v. Glanz*, 948 F.2d 1562 (10th Cir. 1991).  The Tenth Circuit holds that "'if it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to represent him.'" *Id.* (quoting *McCarthy v. Weinberg*, 753 F.2d 836 (10th Cir. 1985)).  The factors to be considered in deciding whether to appoint counsel, include "the merits of the litigant's claims, the nature of the factual issues

raised by the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978 (10th Cir. 1995)(quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).

Through Respondent's pro se filing plus the statements she made in court during the December 14, 2007 hearing, the pro se Respondent has made allegations of mistreatment and abuse of the children which I will construe as the Respondent raising the grave risk of physical or emotional harm exception in 42 U.S.C. § 11603(e)(2). Respondent has therefore raised a legitimate defense to the Petitioner's Petition to Return Children. The factual issues raised by this defense are complex in nature, requiring investigation and potentially expert testimony. The Respondent, during the December 14, 2007 hearing, appeared reasonably intelligent and coherent but did not evidence an understanding of the intricacies of the ICARA and related laws. Because the ICARA is a particularly complex statute and Respondent faces the loss of her minor children, she needs representation in this case in order to defend herself.

After careful review of the pleadings submitted by Respondent and applying the above factors, I grant the Respondent's Motion to Appoint Counsel. Attorney Frank L. McGuane, Jr. is hereby appointed as counsel for the Respondent. Attorney McGuane shall forthwith file an entry of appearance.

**V.  Conclusion**

For the reasons set forth herein, it is hereby

ORDERED that Respondent's Motion to Appoint Counsel is **GRANTED**.  It is

FURTHER ORDERED that Attorney Frank L. McGuane is appointed as counsel

-6-

for Respondent and shall file an entry of appearance with this Court. It is

FURTHER ORDERED that Respondent's Motion to Appoint Guardian *Ad Litem* is **GRANTED**, each party to pay one-half of the costs of such an appointment. It is

FURTHER ORDERED that Attorney Vincent Rahaman shall file an entry of appearance with this Court in his capacity as Guardian *Ad Litem* for the minor children. It is

FURTHER ORDERED that Respondent's Motion for Restraining Order is **DENIED**. It is

FURTHER ORDERED that the January 3, 2008 hearing on the Petition for Return of Children to Petitioner Under the Hague Convention will proceed as scheduled, unless either Attorney McGuane or Attorney Rahaman files a Motion to Continue the January 3, 2008 hearing for good cause shown not later than **Friday, December 28, 2007**. It is

FURTHER ORDERED that the Clerk of the Court shall e-mail a copy of this Order to Attorney McGuane at "flm@mcguanehogan.com" and Attorney Rahaman at "vnr60@hotmail.com".

Dated: December 19, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge