IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 07-cv-02415-WYD-BNB

IN RE: THE MATTER OF:

ANDRES LIEBERMAN,

    Petitioner,

v.

JESSICA TABACHNIK,

    Respondent,

And Concerning

L.L.T.;
D.L.T.; and
E.L.T.,

    Minor Children.

**ORDER**

THIS MATTER is before the Court on Petitioner Andrés Lieberman's Motion to Enforce by Requesting Federal Marshals Bring Passports to the Gate for the Children's Return to Mexico City, filed May 13, 2008 (docket # 51) and Respondent Jessica Tabachnik's Verified Motion For Stay of Execution Pending Appeal, filed May 23, 3008 (docket # 61). In an Order, dated November 26, 2007, I ordered the Respondent to turn over all passports and travel documents for the minor children during the pendency of this action. On February 1, 2008, the Respondent delivered the children's passports and travel documents to the Court and the

receipt of said items is noted in Receipt for Passports and Visa (docket #36). On April 10, 2008, I granted the Petition for Return of Children to Petitioner Under the Hague Convention on the Civil Aspects of International Child Abduction and the International Child Abduction Remedies Act and ordered the Respondent to return the minor children, L.L.T., D.L.T., and E.L.T., to the country of Mexico not later than the end of the 2007-2008 academic school year for each minor child or by Monday, June 9, 2008, whichever date occurs first. The Order of April 10, 2008 did not discuss the passports and visa. On May 9, 2008, Respondent filed a Notice of Appeal to United States Court of Appeals for the Tenth Circuit. On May 13, 2008, Petitioner filed a Motion to Enforce by Requesting Federal Marshals Bring Passports to the Gate for the Children's Return to Mexico City. By way of Minute Order, dated May 13, 2008, I ordered Respondent and the Guardian Ad Litem to file their respective responses to Petitioner's Motion on or before May 20, 2008.

On May 23, 2008, Respondent filed a Verified Motion for Stay of Execution Pending Appeal. By way of Minute Order, dated May 27, 2008, I ordered Petitioner and the Guardian Ad Litem to file responses to Respondent's Motion to Stay on or before June 2, 2008. On May 29, 2008, Respondent and the minor children sent letters to my chambers regarding my April 10, 2008 Order (docket #63). I will address Respondent's Motion for Stay of Execution Pending Appeal first.

Respondent requests that I stay the execution of the Order entered on April 10, 2008. As grounds therefor, Respondent states that she has timely filed an appeal of the April 10, 2008 Order with the U.S. Court of Appeals for the 10th Circuit. That case was filed on May 9, 2008, Case No. 08-1173. Respondent states that she intends to request that the appeal be

expedited. Respondent contends that there is a likelihood that the 10th Circuit will expedite the appeal based on precedent for expediting these appeals in other circuits.

In order to prevail on a Motion for Stay of Execution, the movant must show (1) the likelihood of success on appeal; (2) the threat of irreparable harm if the stay or injunction is not granted; (3) the absence of harm to opposing parties if the stay is granted; and (4) any risk of harm to the public interest. *F.T.C. v. Mainstream Marketing Services, Inc.*, 345 F.3d 850, 852 (10th Cir. 2003). Granting a stay of execution in these circumstances is within my discretion, as well as within the discretion of the Court of Appeals. See, e.g. *Walsh v. Walsh*, 221 F.3d 204 (1st Cir. 2000); *Whallon v. Lynn*, 230 F.3d 450 (1st Cir. 2000). *But see Friedrich v. Friedrich*, 78 F.3d 1060, 1063 n. 1 (6th Cir. 1996)("Staying the return of a child in an action under the Convention should hardly be a matter of course. The aim of the Convention is to secure prompt return of the child to the correct jurisdiction, and any unnecessary delay renders the subsequent return more difficult for the child, and subsequent adjudication more difficult for the foreign court.").

Respondent asserts there is a likelihood that the appeal will be successful because I, according to Respondent, disregarded the objections of all three children to being returned to Mexico. Respondent contends that no legal case has been found by Respondent which affirmed disregard by a trial court of the wishes of children of the ages of the two oldest children in this case[1], with the clearly demonstrated intelligence, academic success and obvious maturity presented by the children in this case. Petitioner in his Response asserts that Respondent is

---

[1] In this motion, Respondent contends that D.L.T. and L.L.T. were ages 12 and 13 ½ at the time of the hearing on Petitioner's Motion for Return of Children. In my April 10, 2008 Order, I note that D.L.T. and L.L.T. were age 11 and 13 respectively.

not likely to prevail on the merits on appeal. The Guardian Ad Litem also does not agree with Respondent that there is a good likelihood of success on appeal on this issue.

In the instant case, the 10th Circuit will review my findings of fact under a clear error standard and my conclusions regarding principles of domestic, foreign and international law shall be reviewed *de novo*. *Shealy v. Shealy*, 295 F.3d 1117, 1121 (10th Cir. 2002). *cert. denied*. There are numerous cases in which courts have disregarded the wishes of children. See *Locicero v. Lurashi*, 321 F.Supp.2d 295 (D.P.R. 2004)(a thirteen-year-old, with good grades, who expressed a preference to remain was not enough to disregard the narrowness of the age and maturity exception to the Convention's rule of mandatory return); *See also England v. England*, 234 F.3d 268, 272 (5th Cir. 2000). Finally, application of the [child's wishes exception] is within the court's discretion if the court believes that the child's preference is the product of undue influence over the child. *See Hazbun Escaf v. Rodriguez*, 200 F. Supp. 2d 603, 615 (E.D. Va. 2002) ("[t]he discretionary aspect of this defense is important because of the potential for undue influence by the person who allegedly wrongfully retained the child"). I find, after careful review of the case law, the applicable standard of review and my prior orders[2], that

---

[2] I quote verbatim from pages 29-30 of my April 10, 2008 Order where I found as follows: "Both L.L.T. and D.L.T. expressed a strong desire to remain in Colorado with their mother. L.L.T and D.L.T. are normal children who seem to be coping well with an extremely difficult situation. However, like most normal children they are susceptible to suggestion and manipulation. Although both L.L.T. and D.L.T. were incredibly articulate in expressing their concerns and grievances regarding returning to Mexico, I believe that their mother's opinion of their father has influenced their evaluations of the situation. During their testimony, the words and phrases used to describe the situation with their father mirrored the testimony of the Respondent. Further, upon inquiry into how the girls had come to form their opinions and whether the Respondent had any role in forming their opinions, both girls gave the exact same response. "I know because I

-4-

Respondent is unlikely to prevail on the merits on appeal.

Respondent makes several arguments regarding whether Respondent will suffer irreparable damage absent a stay. Respondent asserts that if the pending appeal is successful it will likely be extremely difficult to have the children returned to the U.S. from Mexico. Additionally, Respondent states that she has recently learned from "multiple reliable sources" that Petitioner has initiated in Mexico City criminal proceedings against her. Respondent also states she has learned that "in all probability she will be arrested and jailed" upon her return to Mexico. Respondent contends that for that reason, she will not be able to accompany the children when they return to Mexico. Therefore, she claims, when the children return to Mexico they will either be unaccompanied or Petitioner will have to come to Colorado to return them, or some other arrangement will have to be made to have the children accompanied. Finally, Respondent asserts that the children will be traumatized and emotionally damaged by being forced to return to Mexico without their mother, to a father, whom they currently hate.

Petitioner responds by asserting that Respondent will not suffer irreparable harm absent a stay. Petitioner notes that nothing in my April 10, 2008 Order prevents Respondent from sending the children to Mexico while she remains here, or accompanying the children herself. As to whether Respondent faces criminal charge in Mexico, counsel for the Petitioner state that

---

lived it."
     In addition, as stated at length above, in his report the Guardian *Ad Litem* expressed concern regarding whether the children's wishes are well grounded in independence and not subject to influence by either parent. Because I cannot be certain whether the opinions expressed by the minor children were their own or were the product of the influence of the Respondent, I find that the Respondent has not proven by a preponderance of the evidence that the minor children are of the age and degree of maturity necessary for me to take their opinions into account."

they do not know the procedures Mexico relies upon in child abduction cases and cannot comment further. Further, Petitioner asserts that whether Respondent has committed a crime in Mexico is not a basis for granting a stay. Finally, Petitioner contends that Respondent has not presented any evidence that Respondent is facing criminal proceeding in Mexico upon her return.

The Guardian Ad Litem states that he has spoken by telephone with Petitioner, his Mexican counsel (Ilan Katz, Esq.) and Petitioner's American counsel (Courtney Leathers, Esq.) to inquire about the status of any criminal proceeding against Respondent were she to return to Mexico with the children. Both Petitioner and counsel Katz stated to the Guardian Ad Litem that they have no interest in harming Respondent by seeking criminal charges against her upon her return to Mexico. The Guardian Ad Litem requests that I order Petitioner and /or his Mexican counsel to secure dismissal of any criminal and/or civil proceedings to the extent that they are able to seek dismissal.

On June 3, 2008, Petitioner filed Joinder Re: (64) Guardian Ad Litem's Response to Motion for Stay of Execution and Request for Hague Convention Undertakings and Petitioner's Request for Additional Hague Convention Undertaking, wherein Petitioner states that counsel for Petitioner has prepared a letter declaring his intentions to not pursue warrants or criminal punishment against Respondent for her actions which brought her and the children to the United States. On June 4, 2008, counsel for Petitioner filed a copy of the letter that was sent to the Guardian Ad Litem. The letter states:

> Pursuant to the Request contained at number 2 in your Request for Hague Convention Undertakings, this letter will confirm that neither Andres Lieberman nor his attorney, Ilan Katz, will seek to pursue warrants or criminal punishment against Jessica Tabachnik arising out of her actions that brought the children to

> the United States.
>
> Moreover, both Andres Lieberman and Ilan Katz will make every effort to ensure that Jessica Tabachnik is not subject to criminal or contempt proceedings if she returns to Mexico, and we will undertake to seek dismissal of any proceedings that may be pending to the extent that we are able to do so.

Letter re: Joinder, Response to Motion for Stay of Execution.

In her Reply, dated June 4, 2008, Respondent contends that due to her lack of confidence in the integrity of the Mexican legal system, she cannot and will not risk returning to Mexico absent iron clad guarantees that the civil and criminal proceedings for sanctions of any nature against have been dismissed with prejudice. Respondent argues that the proposed "letter" from Petitioner and his counsel does not come close to providing such guarantees.

While I acknowledge that is undoubtedly a difficult situation for the minor children and the Respondent, I find that the minor children will not suffer irreparable harm if my Order is not stayed. The fact that Respondent may potentially face consequences for her wrongful removal of the minor children upon return to Mexico is not grounds for me to issue a stay. Having already ruled on Petitioner's Petition for Return of Children, I do not believe that it is appropriate for me to order any undertakings. However, I strongly encourage Petitioner and his counsel to take every step necessary to ensure that Respondent does not face criminal or civil contempt proceedings upon her return to Mexico. It is apparent that the children are bonded with their mother and their return to Mexico will be difficult enough without the added stress and strain of continuously worrying about whether or not their mother will face criminal penalties upon her return to Mexico.

Respondent asserts that no irreparable injury will result to the Petitioner if the children are permitted to remain in the United States pending a ruling by the Court of Appeals.

Respondent argues that parenting time or visitation between the Petitioner and the children can occur in the United States while the appeal is pending. Further, Respondent argues that I may specifically order that Petitioner have visitation or access rights with the children while the stay of execution is in place.

Petitioner responds by arguing that extending the time that the children remain away from their father only allows further undue influence, and continues to cause irreparable harm to the children and their relationship with their father. Petitioner asserts that the undue influence from their mother is apparent in the children's letters sent to me, dated May 29, 2008, wherein they refer to their father as "Andres" and they sign their names Tabachnik, though their last name is Lieberman. Additionally, Petitioner argues that a stay would affect the children's education as it is unlikely that children will be back in Mexico to begin the school year should this action be stayed. Petitioner asserts that he will certainly suffer substantial harm if a stay is granted. Petitioner notes that the minor children were wrongfully removed from Mexico in July 2007. Other than seeing his children on January 30 and 31, 2008 during the hearing, Petitioner has not had parenting time with his children, or resolution of this matter for nearly a year.

I agree with Petitioner and find that Petitioner and the minor children will be irreparably harmed should my April 10, 2008 Order be stayed. I find that in the amount of time that Petitioner has been wrongfully separated from the minor children has caused substantial harm to the relationship between Petitioner and his minor children. I further find that any extension of time will only further erode a damaged relationship.

I also find that the public interest will not be served by issuing a stay in this matter. As a signatory, this country appreciates the express objective of the Convention "to secure prompt

return" of children wrongfully removed from their country of habitual residence "unless one of the narrow exceptions exists." 42 U.S.C. § 11601(a)(4).

The Guardian Ad Litem requests that I order the following undertakings: 1) that the children be returned to their country of habitual residence no later than June 9, 2008; 2) that Petitioner and counsel Katz- through their counsel in this case - submit via letter to the Guardian Ad Litem by June 6, 2008 their intentions that they shall not seek to pursue warrants or criminal punishment against Respondent arising out of her actions that brought her/children to the United States; 3) that the children be enrolled immediately in therapy with the goal of reintegrating them back into a parent/child relationship with Petitioner; and 4) that my undertakings order be translated and filed by counsel Katz with the Court having jurisdiction over the parties Mexico divorce case.

In Petitioner's Joinder to the Guardian Ad Litem's Response, Petitioner also agreed to the remaining undertakings suggested by the Guardian Ad Litem. In that Joinder, Petitioner also requested the following undertaking: that I order the children's passports be immediately surrendered to the Petitioner and/or the Court in Mexico upon the children's arrival in Mexico, in order to ensure that there will be no possibility of the children leaving Mexico and the jurisdiction of the Mexican Court while that action is pending. In her Reply, Respondent does not address the additional undertakings listed in the Guardian Ad Litem's Response or the requested undertaking contained in Petitioner's Joinder.

Again, as stated above, I do not believe that it is appropriate for me to order any undertakings since the overriding purpose of my ruling is to enforce the terms, conditions, and requirements of the Hague Convention. I reiterate to the parties, in the interest of protecting the

best interests of the minor children, that I strongly encourage the parties to voluntarily agree to the undertakings suggested by the Guardian Ad Litem. Based on the foregoing, Respondent's Verified Motion for Stay of Execution Pending Appeal is denied.

Turning now to Petitioner's motion, Petitioner requests that the United States Marshals ("U.S. Marshals") bring the passports and visa for the minor children to the airport and that the U.S. Marshals accompany the children to the gate to ensure they board a plane to Mexico City. Petitioner contends that the role served by the U.S. Marshals in this case parallels the role of U.S. Marshals in alien enemy cases, that is, they may execute orders for removal from the United States. Petitioner admits that the minor children are certainly not alien enemies, but asserts that the role of the U.S. Marshals in executing my Order would be similar. Further, Petitioner contends that the Respondent has already abducted the minor children from their country of habitual residence and that the request for U.S. Marshals is a preventive measure, to prevent the children from further abduction.

In his response to Petitioner's motion, the Guardian Ad Litem proposes that he and or his staff accompany the children to their departure gate at Denver International Airport ("DIA") on their scheduled return date to Mexico. The Guardian Ad Litem's staff also offers to pick up the children's passport from the Court at the my instruction as to pick-up date and time.

Respondent, in her response to Petitioner's motion, objects to Petitioner's request for the involvement of U.S. Marshals. Respondent asserts that the U.S. Marshals involvement will almost certainly cause greater emotional trauma to the children in a situation that is already extremely traumatic to them. Respondent does support the proposal contained in the Response of the Guardian Ad Litem, that the Guardian Ad Litem and/or his staff pick up the passports of

the children from the court, transport them to the Denver International Airport, and then accompany the children with their passports to the gate.

Petitioner in his reply, conditionally agrees to the Guardian Ad Litem's proposal. Petitioner notes that due to security measures at DIA, an individual who accompanies children to the gate must obtain a "gate pass" or "demonstrated needs pass" from the particular airline, as unticketed passengers are not permitted through security. Petitioner states that if the Guardian Ad Litem is given at least one week's notice of travel arrangements, and is able to obtain the required security pass to accompany the children, Petitioner would support the Guardian Ad Litem's request to accompany the children. Petitioner requests, in the alternative, that if the Guardian Ad Litem is unable to obtain the necessary security pass the U.S. Marshals accompany the children to their gate to return the children to Mexico City.

I find that Petitioner's request that the U.S. Marshals bring the passports to the gate to ensure that the children return to Mexico is premature and would result in a unnecessary use of U.S. Marshal resources. I have not been presented with any evidence that the Respondent does not intend to return the children in accordance with my April 10, 2008 Order. Further, I believe that is not in the best interest of the children, without further evidence to the contrary, to be accompanied by U.S. Marshals to their departure gate. I find that the Guardian Ad Litem's suggested solution is an appropriate one.

In conclusion, it is

ORDERED that Respondent's Verified Motion for Stay of Execution Pending Appeal, filed May 23, 2008 (docket #61) is **DENIED**. It is

FURTHER ORDERED Petitioner's Motion to Enforce by Requesting Federal Marshals

Bring Passports to the Gate for the Children's Return to Mexico City, filed May 13, 3008 (docket #51) is **DENIED WITHOUT PREJUDICE**. It is

  FURTHER ORDERED that Respondent shall file a notice of the minor children's flight date and time with the Court, within 24 hours of receipt of this Order, so that the Guardian Ad Litem may obtain the appropriate "gate pass" to accompany the children to their departure gate for their flight to Mexico City. It is

  FURTHER ORDERED that the Clerk of the Court is authorized to return the passports listed in Receipt for Passports and Visa (docket #36) to Guardian Ad Litem Vincent Rahaman or an appropriately designated member of his staff.

  Dated: June 5, 2008

          BY THE COURT:

          s/ Wiley Y. Daniel
          Wiley Y. Daniel
          U. S. District Judge